This was an ejectment brought to recover possession of lot No. 23, in the town of Nashville. *Page 357 
The plaintiff gave in evidence a deed from the commissioners to Abednigo Llewallan, dated the 8th day of July, 1785, for the lot in question. It was then proved that Abednigo was dead; and that Shadrach Llewallen was his heir at law. A deed was exhibited from Shadrach to Francis May, dated the 30th day of August, 1810; and also a conveyance from May to the lessor of the plaintiff, dated the 31st of October, 1810.
The defendant also claimed title under Abednigo Llewallan, and exhibited in proof, a deed from William T. Lewis, dated in 1805; a deed from Joel Lewis to William T. Lewis, dated in 1802; a deed from Josiah Love to Joel Lewis, dated in 1793; and a deed from John Montgomery to Josiah Love, dated in September, 1789.
The defendant, and those under whom he claims, have been in possession of the lot ever since the month of February, 1793.
Testimony was introduced in behalf of the defendant for the purpose of showing that Abednigo Llewallan had sold the lot to Montgomery; but it was admitted that no deed of conveyance could be produced. Testimony was also introduced, with a view of proving the deed purporting to be from Montgomery to Love, a forgery.
There are two questions arising in this case.
1. Whether the jury have a right, from length of possession and other circumstances, to presume a deed from Llewallen to Montgomery? This is a proposition so entirely depending on matters of fact, that it is difficult to give any clear and satisfactory opinion upon it. At present, however, I have no hesitation in saying that where a person has been in possession for the length of time mentioned in this case, and can also introduce circumstances to prove a sale by the original owner, it may be left to a jury to presume that there was a conveyance, and that it has been registered. But even then the chain of title in *Page 358 
the present case would be defective, if the jury should be of opinion that the paper purporting to be a deed from Montgomery to Love, is a forgery.
2. The second question arises upon the statutes of limitation. The Act of 1715 declares that "no person or persons, nor their heirs, which hereafter shall have any right or title to any lands, tenements or hereditaments, shall thereunto enter and make claim, but within seven years next after his, her, or their right or title which descend or accrue; and in default thereof, such person or persons, so not entering or making default, shall be utterly excluded and disabled from any entry or claim thereafter to be made."
The Act of 1797, upon which the plaintiffs' counsel relies as a repeal of that of 1715, provides that in all cases where any person or persons shall have had seven years' peaceable possession of any land by virtue of a grant, or deed of conveyance founded upon a grant, and no legal claim by suit in law, by such set up to the said land within the above time, then and in that case the person so holding possession as aforesaid, shall be entitled, c.
I do not consider that the Act of 1797 repeals that of 1715; but when they are both taken together, the result will be that a naked possession, by a mere trespasser for the term of seven years, will be no bar to a recovery sought by the original legal owner. At the same time I wish it understood as the opinion of the Court, that a regular chain of conveyances in due form, from the original grantee, is not required to authorize the statute to be a bar. The land must first be appropriated, and then, to protect the possession of a defendant, he must have had that possession seven years, peaceably, under a color of title.
To constitute a color of title, there need not be a regular chain of conveyances. If the possession has been taken in such a way as to authorize a belief that the possessor imagined he was occupying his own property, that will be color of title. What will amount to this must depend upon the particular circumstances of the case; but it has always been understood that possession under a deed, will be sufficient. *Page 359 
Upon this principle the case of Sawyer v. Shannon, in this Court, was decided; and I have no disposition to disturb it. It is of the utmost consequence that our decisions in regard to real property should be uniform.
Under this view of the case it will not be at all material whether the deed from Montgomery was forged or not, as there has been possession under a deed admitted to be genuine, for twenty years.
NOTE. — See the note to Weatherhead v. Bledsoe, 2 Tenn., 352. — ED.